**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-40875**
**Summary Calendar**
_____

**JOHN ARAMBULA,**

**Plaintiff-Appellant,**

**versus**

**CITY OF LAREDO; CARLOS VILLARREAL; FLORENCIA PENA,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(L-96-CV-112)**
_____

June 2, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

John Arambula brought age discrimination and other claims stemming from his turbulent last six months as the Risk Manager for the City of Laredo in 1994-95. The district court granted summary judgment for the defendants. Agreeing that no genuine issue of material facts exists, we affirm.

For his first two years as Laredo's Risk Manager, Arambula received relatively positive job evaluations. Things changed, however, when Defendant-Appellee Peña became the new

_____

[*] Pursuant to 5th Cir. Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. Rule 47.5.4.

Director of Administrative Services -- and Arambula's new supervisor -- in September 1994. Although Peña approved a merit pay raise for Arambula in November (based mostly upon Arambula's work for Peña's predecessors), Arambula was terminated in March 1995.

The six-month overlap in Arambula's and Peña's tenures was dominated by rancor; Arambula's complaint to the Texas Commission on Human Rights used 45 single-spaced pages to describe approximately 80 incidents between them. Arambula's appellate brief quotes extensively from the numerous memos he sent to Peña and the city manager about his feelings of being "oppress[ed] and harass[ed]" by Peña's "antagonistic" pattern of "berating, embarrassing and demeaning" behavior toward Arambula and others.

In response to Arambula's prima facie case of age discrimination -- he was replaced by a younger worker -- the defendants argued that Arambula was, "[i]n general, ... terminated for insubordination, confrontations with co-workers and supervisors, substandard work, substandard work performance, and a complete lack of confidence by his supervisors that he could perform the essential functions of his job." The district court granted summary judgment to the defendants because Arambula did not produce evidence of pretext or of direct age discrimination to refute the employer's proffered reasons for the termination.

On appeal, Arambula argues that his and Peña's stories differed on the details of several incidents and who was to blame for them. He contends that these differences justify a denial of

summary judgment under <u>Bienkowski v. American Airlines, Inc.</u>.[1] In that case, this court found that sharply opposed accounts from the employee and his supervisors raised questions of fact about motivation that were "barely sufficient to create a jury issue."[2] <u>Bienkowski</u>, however, is factually distinguishable because it involved no claims of serious mutual animosity like those before us, and there was some evidence of age-material conduct.

It is clear in this circuit that "if the evidence put forth by the plaintiff to rebut the employer's reasons is not substantial, a jury cannot reasonably infer discriminatory intent."[3] Moreover, the plaintiff must prove not "only that the defendant's proffered reason is pretextual," but also that "'discrimination was the real reason.'"[4] Arambula is simply wrong in his assertion on appeal that, "as a matter of law," the defendants "assumed the burden of conclusively establishing nondiscriminatory motivation."

Taken as a whole, the record does not include substantial evidence that the defendants' proffered reasons -- including the well-documented difficulties in Arambula and Peña's relationship -- were not the true reason for Arambula's termination. Nor, as the district judge correctly observed, does Arambula's contention that

---

[1] 851 F.2d 1503 (5th Cir. 1988)

[2] <u>Id.</u> at 1507.

[3] <u>Bennett v. Total Minatome Corp.</u>, 138 F.3d 1053, 1060 (5th Cir. 1998).

[4] <u>Walton v. Bisco Indus., Inc.</u>, 119 F.3d 368, 370 (5th Cir. 1997) (quoting <u>St. Mary's</u>, 509 U.S. at 515, 113 S. Ct. at 2751).

3

Peña was often in the wrong in their disputes suffice to meet his further burden of proving that <u>discrimination</u> was the real motivating factor. Arambula presents a couple of age-related comments by Peña, but they are stray remarks, apart from which there is no evidence that Peña's dislike for Arambula was "in any way connected to [Arambula's] age."[5]

The district court correctly granted summary judgment in favor of the defendants on Arambula's age discrimination claims.

In addition, for essentially the reasons stated in the district court's comprehensive opinion, we affirm summary judgment in favor of the defendants on Arambula's state law claims for workers compensation retaliation, intentional infliction of emotional distress (against both the City and Peña), and libel and slander.

<u>AFFIRMED</u>.

---

[5] <u>Waggoner v. City of Garland</u>, 987 F.2d 1160, 1166 (5th Cir. 1993). In fact, in one of the allegedly hostile comments, Peña called Arambula a "<u>joto raton</u> [snitching queer]," which evinces nothing about age.